IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

A.H. *ex rel.* SARAH SCOTT and  \*
SARAH SCOTT,
              \*
 Plaintiffs,
              \*
vs.                 CASE NO. 4:19-CV-7 (CDL)
              \*
CALLAWAY GARDENS RESORT, INC.,
              \*
 Defendant.
              \*

O R D E R

In the exercise of its discretion, the Court permitted Plaintiffs to dismiss their complaint without prejudice and declined to award any fees or costs to Defendant. Defendant's counsel, dissatisfied with the Court's exercise of discretion and the brevity of its order, insists that the Court must spend additional time explaining in more detail why it exercised its discretion the way it did. Perhaps Defendant's counsel is just curious as to the Court's rationale, but more likely, it wants the Court to commit its exercise of discretion to writing, so that it can then attempt to poke holes in it for the Court of Appeals. The Court notes that, contrary to some conventional wisdom, the number of words in a judicial order or opinion does not necessarily reflect the thought and consideration that went into arriving at the ultimate conclusion in the ruling. Short orders often follow thorough consideration, as was the case here. But given the

existence of some authority supporting Defendant's plea for more details, the Court acquiesces and takes time away from other pressing matters to spell out for Defendant (and ultimately the Court of Appeals) why in the exercise of its discretion it thinks Plaintiffs should be allowed to dismiss their complaint without paying some of Defendant's attorney's fees. *See McCants v. Ford Motor Co.*, 781 F.2d 855, 860-61 (11th Cir. 1986) (remanding because "the record [was] insufficient to allow [the Court of Appeals] to evaluate the district court's exercise of its discretion in rejecting appellant's request for the attachment of conditions to its order dismissing the case"); *Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 232 F.3d 854, 861-62 (11th Cir. 2000) (same).

The Court amends its previous order as follows:

Federal Rule of Civil Procedure 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Defendant asks the Court to condition dismissal on Plaintiffs paying certain of Defendant's fees and costs incurred in this litigation. Defendant seeks fees and costs associated with: (1) its successful motion based upon lack of personal jurisdiction in Pennsylvania, which led to the case being transferred to this Court; (2) its successful efforts to oppose Plaintiffs' motion to extend the expert disclosure deadline; and (3) its efforts to oppose Plaintiffs'

2

motion to voluntarily dismiss. Defendant seeks a total of $35,234.07 in fees and costs.

After weighing the equities and considering the circumstances of this case, the Court finds that conditioning dismissal on Plaintiffs paying Defendant's attorney's fees and costs is not appropriate. Plaintiffs represent the legal interests of a 10-year-old child who suffered serious injuries while tubing in Defendant's lake on Defendant's boat, which was driven by Defendant's agent. This recreational activity was provided by Defendant to its guests as an amenity at its resort. When Plaintiffs' counsel filed this action, they believed that Defendant did not have a "spotter" in the boat at the time of the incident as required by Georgia law. Based upon this understanding, they alleged that Defendant was negligent per se, and they concluded that no other evidence on the breach of the standard of care was necessary. Plaintiffs learned during discovery that it was Defendant's position that the child's father was present in the boat at the time and acted as spotter. Plaintiffs' counsel had been unable to ascertain this information earlier because the father had been uncooperative. Given the emergence of evidence that the child's father may have acted as spotter and the effect of that evidence on its claim of negligence per se, Plaintiffs' counsel concluded that it would be prudent to retain an expert on the liability and causation issues. But the

3

expert disclosure deadline had expired.  Ultimately, the Court denied counsel's request to extend the expert disclosure deadline; and Plaintiffs' counsel was faced with the prospect of having to oppose a summary judgment motion without its best evidence. Therefore, counsel for Plaintiffs sought to dismiss the action without prejudice.  There is no statute of limitations issue because, as a minor child, the child has until two years after she becomes an adult to file her action.  *See* O.C.G.A. § 9-3-90(b); O.C.G.A. § 9-3-33. Concluding that Defendant would not be unfairly prejudiced by the dismissal, the Court granted Plaintiffs' motion to dismiss without prejudice and without conditions.

Counsel for Defendant insists that the price of dismissal should be approximately $35,000, its attorneys fees and costs that it incurred primarily in having to have this action transferred from Pennsylvania to this court, for opposing Plaintiffs' motion to extend the expert disclosure deadline, and for opposing Plaintiffs' motion to voluntarily dismiss her action.  The Court finds Defendant's position unpersuasive as a matter of fairness and under the law.

Defendant does not seriously dispute that Plaintiffs have the right to dismiss their action and refile it in the future. Plaintiffs filed their motion to dismiss before trial and prior to any ruling on any dispositive motion.  Their decision to dismiss the action was entirely reasonable.  They realized that, under the

new facts and the state of the record, their claims were different than counsel originally thought and that they needed an expert to support their claims. When the Court denied Plaintiffs' motion to extend the expert disclosure deadline to allow Plaintiffs to name an expert and develop their alternative theory, Plaintiffs decided to dismiss the complaint without prejudice so that they could presumably regroup in light of the developments subsequent to filing the complaint. Plaintiffs' counsel's duty to their clients arguably required them to take this course of action. Furthermore, there is no suggestion that Plaintiffs' claims were frivolous or that Plaintiffs or their counsel engaged in any behavior that would run afoul of Rule 11. It is also clear that, had Plaintiffs allowed the case to proceed to a dispositive motion ruling and had Plaintiffs lost the motion, Defendant would have had to bear its own attorney's fees under the American Rule that generally does not award fees to the prevailing party absent some statutory authorization. *See Peter v. Nantkwest, Inc.*, 140 S. Ct. 365, 370 (2019).

While Defendant does not challenge Plaintiffs' right to dismiss the action and eventually refile it, Defendant does want to subject them to substantial prejudice. It seeks to have Plaintiffs pay $35,234.07 for the privilege of dismissing the action "without prejudice." The Court finds that under the circumstances presented here the imposition of such a price for

5

dismissal is contrary to the purpose of Rule 41(a)(2). Rule 41(a)(2) clearly authorizes a dismissal without prejudice under circumstances like those presented here. And it contemplates that such a dismissal should be without prejudice to the Plaintiffs' right to refile. Imposing a dismissal fee of $35,234.07 calls into question whether such a dismissal would truly be without prejudice to Plaintiffs.

The Court fully understands that it should also assure that any such dismissal is not prejudicial to the Defendant and that it has the duty to consider conditions that would minimize that prejudice. As binding Circuit precedent has made clear, "[t]he basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976).[1] District courts have been admonished to "impose only those conditions which will alleviate the harm caused to the defendant." *Id*. at 605. For example, if a defendant incurs expenses in an action that were wasted or that would have to be duplicated in a subsequent action, then that defendant might be prejudiced if the plaintiff is not required to pay for those expenses.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

6

Defendant seeks attorney's fees and expenses associated with (1) its successful motion regarding lack of personal jurisdiction in Pennsylvania, which led to the case being transferred to this Court; (2) its successful efforts to oppose Plaintiffs' motion to extend the expert disclosure deadline; and (3) its efforts to oppose Plaintiffs' motion to voluntarily dismiss.  The Court finds that none of these expenses are the type that would result in unfair prejudice to the Defendant if Plaintiffs are permitted to dismiss this action without prejudice and without conditions. Defendant's successful motion to dismiss this action in Pennsylvania based upon lack of personal jurisdiction and have it transferred here will not be duplicated in a subsequent action. That motion will have only been litigated one time as part of this litigation.  While Defendant would not have had to litigate the motion at all had the case been filed originally in this Court, that is not the question.  The question is whether the dismissal of this action with the right to refile causes any unfair prejudice.  The Court finds the answer to be clear.  There is no unfair prejudice related to Defendant's successful motion to dismiss the Pennsylvania action based on lack of jurisdiction because that issue will only be litigated one time in the proceedings involving Plaintiffs and Defendant.  As long as Plaintiffs' position regarding jurisdiction in Pennsylvania did not run afoul of Rule 11, Plaintiffs had the right to attempt suit

there. This present voluntary dismissal would only be the source of unfair prejudice to Defendant if Plaintiffs were allowed to refile the action in Pennsylvania and try another bite at that jurisdictional apple. There is no indication that Plaintiffs have this in mind; but to prevent that from happening, the Court does impose the condition that if this action is refiled it shall be filed in this Court, where no one disputes jurisdiction.

The Court also finds that Defendant will not be prejudiced by the dismissal based upon it having had to incur expenses and fees associated with opposing the extension of the expert disclosure deadline. Because the circumstances will be different in any future action, those fees will not be duplicated. Although in a future action additional discovery may be permitted, that does not lead to the conclusion that successfully opposing an expert disclosure deadline extension in the previous action was a wasted exercise. The Court always has the opportunity to revisit its discovery orders prior to any dispositive rulings on the merits. Defendants may be prejudiced tactically because of the dismissal in that the record in the case may be in a different posture in the subsequent action and could be less favorable to Defendant. But tactical prejudice is not the type of prejudice contemplated by Rule 41(a)(2).

Finally, in a subsequent action, Defendant will not have to duplicate its efforts in opposing Plaintiffs' present motion to

dismiss this action.  Of course, the fact that it incurred those costs in this action and will not incur them in the second action is a consideration.  *See McCants,* 781 F.2d at 860.  But if this action were not dismissed, Defendant would be stuck with those fees and be unable to recover them.  The Court finds that the shifting of such fees and expenses to Plaintiffs is not necessary to avoid unfair prejudice to the Defendant.

Evaluating the specific circumstances in this case and the alleged prejudice to Defendant, the Court finds that Plaintiffs should be permitted to dismiss this action without prejudice and with the only condition being that if the action is refiled, it shall be refiled in this Court.  The Court makes the following concluding observation.  If the Court of Appeals mandates that the undersigned must impose fees as a condition of dismissal, the undersigned will likely reconsider its order denying Plaintiffs' request to extend the expert disclosure deadline and will also extend discovery, which would give Plaintiffs the option of continuing the action rather than dismissing it.

IT IS SO ORDERED, this 10th day of February, 2020.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA
